# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, )<br> Plaintiff, )<br> )<br>vs. )<br> )<br>1) Luis Carlos Aguilar-Ochoa, Jr. )<br> )<br> Defendant. )<br>_____ ) | CR 10-3021-TUC-RCC (JCG)<br><br>**REPORT & RECOMMENDATION**<br>**re: Defendant's Motion to Dismiss** based on Prosecutorial Vindictiveness |

Pending before the Court is a Motion to Dismiss Superceding Indictment filed by Defendant on September 1, 2011. (Doc. 76.) The government filed a response on September 20, 2011. (Doc. 85.) At the Court's request, Defendant filed a Reply on October 3, 2011. (Doc. 95.) This matter came before the Court for a report and recommendation as a result of a referral made on October 4, 2010, pursuant to LRCrim 5.1. (Doc. 2.)[1]

Having now considered the matter, the Magistrate Judge recommends that the District Court, after its independent review, DENY Defendant's Motion to Dismiss Superceding Indictment.

## FACTUAL FINDINGS

The facts giving rise to the pending Motion are undisputed:

---

[1] Magistrate Judge Guerin was sworn in as a United States District Court Judge on October 5, 2011, after the pending Motion was filed. As this matter was initiated when she was a magistrate judge, she has prepared a Report and Recommendation on the motion for review by Judge Collins as the presiding district court judge.

On October 7, 2010, Defendant was indicted on a single count of Attempted Exportation of Firearms and Ammunition in violation of 18 U.S.C. § 554. (Doc. 9.)

After the indictment was filed, the government initiated plea negotiations with Defendant and his co-defendant. Between November, 2010 and January, 2011, defense counsel repeatedly informed the government that he anticipated a non-trial disposition; defense counsel indicated that that he would most likely advise his client not to accept the government's plea offer and instead plead guilty to the indictment or go to trial. Defendant formally rejected the government's plea offer in January, 2011.

On February 10, 2011, Defendant's co-defendant pled guilty to the indictment without the benefit of a plea agreement. (Doc. 23.) On February 11, 2011, Defendant scheduled a hearing to enter a change of plea on February 18, 2011. (Doc. 24.) Defendant subsequently vacated the hearing on February 16, 2011. (Doc. 26.) Defense counsel also indicated that he intended to file a suppression motion and sought to extend the trial date. (Docs. 29, 30.)

On February 25, 2011, Defendant filed a Motion to Dismiss Indictment, alleging that the Indictment lacked a necessary reference to a statutory or regulatory authority. (Doc. 31.) The Motion was set for hearing on March 23, 2011; when it became apparent that counsel for the government was not available on March 23, 2011 and that the parties were having difficulty in identifying a mutually-agreeable date for the hearing, the Court set a status conference on March 29, 2011. At the status conference, the government advised defense counsel that the Motion to Dismiss Indictment would likely become moot.

On March 30, 2011, the government sought a Superceding Indictment, charging Defendant with one count of False Document Submitted to a Department of the United States in violation of 18 U.S.C. § 1001, one count of Attempted Exportation of Firearms and Ammunition in violation of 18 U.S.C. § 554 and one count of Attempted Exportation of a Defense Article in violation of 22 U.S.C. § 2778. (Doc. 39.) The new charges were not based on any new evidence or investigation unknown to the prosecution at the time it sought the original Indictment. The Superceding Indictment corrected the error alleged in

Defendant's February 25, 2011 Motion to Dismiss and the Motion was withdrawn. (Doc. 45.) After the Superceding Indictment was obtained, the parties continued to engage in plea negotiations. (Doc. 56.)

Defendant's co-defendant was sentenced on May 2, 2011; the co-defendant received a 21-month sentence. (Doc. 58.) The government indicated that its last plea offer to the Defendant was that he plead guilty to one count of False Document Submitted to a Department of the United States in violation of 18 U.S.C. § 1001 in exchange for dismissal of the remaining counts. Defendant rejected the offer. The date of this offer and its rejection was not provided by the parties, but the discussions must have occurred subsequent to the Superceding Indictment that included the False Document charge. On September 1, 2011, Defendant filed the pending Motion.

## ANALYSIS

Defendant alleges that the government filed the Superceding Indictment in retaliation for Defendant's filing of his February 25, 2011 Motion to Dismiss. The applicable law governing claims of prosecutorial vindictiveness is set forth in *United States v. Gastelum-Almeida*, 298 F.3d 1167, 1172 (9th Cir. 2002):

> To establish a claim of vindictive prosecution, the defendant must make an initial showing that charges were added because the accused exercised a statutory, procedural, or constitutional right. *See United States v. Garza–Juarez*, 992 F.2d 896, 906 (9th Cir. 1993). "Vindictiveness claims are, however, evaluated differently when the additional charges are added during pretrial proceedings, particularly when plea negotiations are ongoing, than when they are added during or after trial." *United States v. Gamez–Orduño*, 235 F.3d 453, 462 (9th Cir. 2000). In the context of pretrial negotiations, "vindictiveness will not be presumed simply from the fact that a more severe charge followed on, or even resulted from, the defendant's exercise of a right." *Id*.

In the present case, the government filed its Superceding Indictment during pretrial proceedings; plea negotiations took place before and after the Superceding Indictment was filed. Accordingly, Defendant must point to something more than the fact that the Superceding Indictment was filed after Defendant filed his February 25, 2011 Motion to Dismiss in order to prevail on the pending Motion. "The critical question in this case, as in all others, is whether the defendants have presented such facts—whether the defendants have

shown that all of the circumstances, when taken together, support a realistic likelihood of vindictiveness and therefore give rise to a presumption." *United States v. Meyer*, 810 F.2d 1242, 1246 (C.D. Cal. 1987). In his Reply, Defendant contends that his claim of prosecutorial vindictiveness is supported not only by the timing and sequence of events, but also by the government's failure to provide notice that additional charges would be filed and the various reasons provided to Defendant for the new counts alleged in the Superceding Indictment.

The government's failure to provide notice that additional charges would be filed does not support a finding of prosecutorial vindictiveness. Although a prosecutor may avoid a due process inquiry altogether by providing notice of his/her intent to pursue increased charges, *see United States v. Gamez-Orduno,* 235 F.3d 453, 463 (9th Cir. 2000), there is no legal requirement that a prosecutor must first give notice to Defendant prior to adding new charges to the indictment. Moreover, even if the prosecutor fails to inform the defendant that he/she may face increased charges if he/she chooses to go to trial *and* the defendant's conduct after the initial charging decision does not give the government a legitimate reason to enhance the charges, such circumstances "fail to support a realistic likelihood of prosecutorial vindictiveness." *See Meyer*, 810 F.2d at 1246 (citing *United States v. Goodwin*, 457 U.S. 368, 372 (1982)).

Defendant's contention that the government provided to Defendant various reasons for the new counts is not well supported by the record. According to Defendant's Motion, when defense counsel originally questioned the government about its decision to supercede the Indictment, counsel for the government denied a retaliatory motive and then stated that he believed he had no other choice. (Doc. 76, pg. 2.) In the government's Opposition to the pending Motion, counsel for the government explained that he initially believed (based on defense counsel's early statements that he would advise his client to plead to the indictment or go to trial and the co-defendant's decision to plead guilty to the indictment) that additional charges would not need to be filed in this case. Once counsel for the government began to suspect that Defendant was not going to enter a plea, the government sought the Superceding

1  Indictment. This proffer is not inconsistent with the government attorney's earlier statement
2  that he felt he "had no choice" but to add new charges. In addition, it is supported by the
3  undisputed facts of this case: Defendant vacated his Change of Plea hearing on February 16,
4  2011, stated his intent to file a Motion to Suppress and shortly thereafter filed a Motion to
5  Dismiss Indictment. It was reasonable for government counsel to conclude, based on these
6  developments, that Defendant was unlikely to plead guilty to the Indictment.

In sum, given the course of pretrial plea negotiations, the Defendant has failed to show that all of the circumstances, taken together, support a realistic likelihood of vindictiveness.

## RECOMMENDATION

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court DENY Defendant's Motion to Dismiss Superceding Indictment (Doc. 76.)

The parties have **fourteen (14) days** to serve and file written objections to the Report and Recommendation. The parties are advised that any objections should be filed with the following caption: **CR 10-3021-TUC-RCC.**

_____
Jennifer G. Zipps
United States District Judge